IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALAFALA KHALAFALA

      Plaintiff,                        No. CIV S-11-2195 GGH P

      vs.

UNKNOWN EMPLOYEE OF
SACRAMENTO POLICE DEPARTMENT,

      Defendant.                <u>ORDER</u>

_____/

      Plaintiff is detained at the Eloy Detention Center in Eloy, Arizona. In the current action, he is proceeding pro se, and seeks relief pursuant to 42 U.S.C. § 1983, alleging that, in 2004, an unknown employee of the Sacramento Police Department confiscated his personal papers, and that, from 2004 through 2009, the unknown employee destroyed his personal papers. Plaintiff seeks money damages of one million dollars. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to this court's jurisdiction. (ECF No. 4).

      28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Silva v. Di Vittorio, 08-15620, Opinion (9th Cir. Sept. 26, 2011); Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). Court records, of which this court takes judicial notice,[1] indicate that plaintiff has filed no less than three civil rights actions which were dismissed as frivolous or for failure to state a claim prior to the filing of this complaint: (1) Khalafala v. Great Curtis Fall, et al., CIV S-07-0735 GEB DAD P, dismissed on July 2, 2008, for failure to state a claim; (2) Khalafala v. Unknown et al., CIV S-07-0736 WBS KJM P, dismissed on January 24, 2008, as frivolous; and (3) Khalafala v. Scully, CV 08-6773 SJO JTL, dismissed by the U.S. District Court for the Central District of California on July 15, 2009, for failure to state a claim.

In addition, this is not the first time plaintiff has attempted to litigate his claims regarding the confiscation or destruction of his property while he was incarcerated at the Sacramento County Jail. In Khalafala v. Scully, CIV S-07-589 GEB DAD P, plaintiff alleged that an unknown Sacramento County police officer, acting according to instructions from co-defendant District Attorney Jan Scully, illegally seized his property from May 7, 2004 until June 28, 2004. The action was dismissed after plaintiff failed to amend his complaint.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

Additionally, in <u>Khalafala v. Scully</u>, <u>infra</u>, plaintiff alleged that, between May 7, 2004 and June 28, 2004, an unknown member of the Sacramento Police Department refused to release his personal property, pursuant to instructions from defendant Dawn Baldet, Sacramento County Deputy District Attorney.  Magistrate Judge Lum recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a cognizable claim.  This recommendation was adopted, and the action was dismissed without prejudice.

It appears from the docket that no appeals were taken in the Eastern District strike cases, and have long been final under any interpretation of the <u>Silva</u> decision.  The Central District case was appealed, but the mandate was issued in January 2010, and according to the Ninth Circuit decision, no petition for certiorari was filed.

"Under the PLRA,[2] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g).  <u>See</u> also <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The instant complaint consists entirely of plaintiff's allegations regarding the seizure and destruction of his personal property, which destruction, by plaintiff's own timetable, concluded in 2009.  Complaint, p. 8.  Plaintiff seeks money damages only.  Nothing about the allegations comes close to demonstrating that he was remotely "under imminent danger" at the time of filing the complaint.

Accordingly, IT IS ORDERED that:

1. Plaintiff, within twenty-eight days, must show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action;

---

[2] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

1   2. In the alternative, plaintiff must submit the entire filing fee of $350.00, within
2   twenty-eight days of the date of this order.
3   3. Failure to comply with this order will result in dismissal of this action.
4   DATED: October 13, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
khal2195.3strikes