IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALAFALA KHALAFALA,

     Plaintiff,                    No. CIV S-11-2195 GGH P

     vs.

UNKNOWN EMPLOYEE OF
SACRAMENTO POLICE DEPT.,
     Defendant.              ORDER
_____/

        Plaintiff is a detainee at Eloy Detention Center in Arizona. He proceeds pro se on his complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, in 2004, an unknown employee of the Sacramento Police Department confiscated his personal property, and that, sometime between 2004 and 2009, an unknown employee destroyed his personal papers. Plaintiff seeks money damages of one million dollars. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to this court's jurisdiction. See Doc. No. 4.

        By order filed October 14, 2011, plaintiff was ordered to show cause, within twenty-eight days, why he should not be barred from proceeding in this action, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff has now responded, and advises the court that he is currently an immigration detainee, and therefore is not subject to the Prisoner

Litigation Reform Act, or PLRA.  In support, plaintiff cites Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005) (actions dismissed while plaintiff was in INS custody do not count as strikes because plaintiff was "civil detainee" not subject to PLRA), and Agyeman v. I.N.S., 296 F.3d 871, 886 (9th Cir. 2002) (because alien is civil detainee, PLRA does not apply to alien's petition for review of agency deportation order).[1]

Plaintiff also asks the court to take judicial notice of pleadings filed in connection with his petition for writ of habeas corpus, currently pending before the District Court for the District of Arizona, case number 2:09-cv-00231-ROS, in which he asks to be released from immigration detention.  According to the order granting plaintiff's habeas petition, entered on December 7, 2011,

> Petitioner is a native and citizen of Sudan.  On September 10, 1998, he was paroled into the United States as a refugee.  On December 21, 2004, Petitioner was convicted in the California Courts of two counts of assault with intent to commit rape, and was sentenced to two consecutive terms of four years in prison.  Petitioner was ultimately re-sentenced to consecutive terms for four years and sixteen months.
>
> On September 21, 2009, Petitioner was ordered removed to Jamaica, with Ethiopia and Sudan designated alternates.  Petitioner proceeded with multiple appeals before the Board of Immigration Appeals ("BIA") and the Ninth Circuit.  Currently, Petitioner is subject to an administratively final order of removal, but has appeals pending before the Ninth Circuit challenging the original removal order and the denial of his motion to reopen.
>
> On October 21, 2008, Petitioner was taken into immigration custody.  On February 5, 2009, Petitioner filed his Petitioner [sic] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  On October 29, 2010, Petitioner filed a Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asserted his detention without a custody hearing violated his due process rights.  (Doc. 39).

---

[1] Plaintiff's response to the order to show cause is not entirely consistent with his initial pleadings.  He previously submitted an "Application to Proceed in Forma Pauperis By A Prisoner," and authorized "the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. § 1915(b)(2)."  See Doc. No. 2 at 2.  Plaintiff also certified that he was incarcerated, but did not state where. Id. at 1.

      Petitioner is presently incarcerated in the Federal Detention Center in Eloy, Arizona.

<u>Khalafala v. Kane</u>, No. CV-09-231-PHX-ROS (D. Az.), "Order" entered Dec. 7, 2011, at 1-2.

    The District Court in Arizona granted plaintiff's habeas petition, directing that plaintiff be released from custody within 60 days unless the government granted plaintiff a bond hearing, or showed that plaintiff had already received such a hearing. <u>Id.</u> at 4-5. Plaintiff appealed the decision to the Court of Appeals for the Ninth Circuit, which appeal was dismissed by the Court of Appeals on February 24, 2012. See <u>Khalafala v. Kane</u>, No. CV-09-0231-PHX-ROS, Docket Nos. 61 and 64. It is unclear from the current record whether plaintiff remains in immigration custody. The court takes judicial notice of the District of Arizona's December 7, 2011 order. <u>See</u>, e.g., <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994).

    Based on this court's review of plaintiff's response to the order to show cause, the complaint, and the order of the District of Arizona, the court will find that plaintiff is not a prisoner as that term is defined in 28 U.S.C. § 1915(h). Instead, plaintiff is a civil detainee, and not subject to the "three strikes" provision of the PLRA. See 28 U.S.C. § 1915(g).

    Upon review of plaintiff's financial affidavit, the court will grant plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e), when a complaint is filed in forma pauperis, the court "shall dismiss the case at any time of the court determines that....the action or appeal is frivolous or malicious; [or] fails to state a claim upon which relief can be granted." See 28 U.S.C. § 1915(e)(2)(B)(i-ii).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

3

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969). For the reasons given below, the court dismisses this action under for failure to state a claim.

Unknown Defendant

When the only defendant is an "unknown defendant," the court cannot serve the complaint. No person or entity has authority to act on the complaint. Without the identification of a known person, the action should be dismissed.

State Law Remedy

Plaintiff alleges that, at some point between August 2004 and August 29, 2009, an unknown employee of the Sacramento Police Department destroyed plaintiff's property, which property had previously been confiscated in 2004. In his complaint, plaintiff does not identify

the right which he alleges was violated by the unknown defendant. However, because plaintiff seeks damages based on the destruction of his property, the court liberally construes the claim as one alleging violation of plaintiff's Fourteenth Amendment rights.

Generally, where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See, e.g., Hudson v. Palmer, 468 U.S. at 533.

California provides such a remedy for prisoners. See Cal. Gov't Code §§ 810 et seq. See also Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Accordingly, plaintiff's allegation that the unknown defendant destroyed plaintiff's property from August 18, 2009 and August 24, 2009 fails to state a claim for relief under the Fourteenth Amendment.[2]

Conclusion

The complaint is accordingly dismissed with leave to amend within 28 days of the filing date of this order. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

---

[2] To the extent such a claim could be maintained, plaintiff has failed to allege his compliance with the state Tort Claims Act.

1  complaint be complete in itself without reference to any prior pleading.  This is because, as a
2  general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
3  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
4  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6         In accordance with the above, IT IS HEREBY ORDERED that:

7         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8         2.  The complaint is dismissed for the reasons discussed above, with leave to file
9  an amended complaint within twenty-eight days from the date of service of this order.  Failure to
10 file an amended complaint will result in dismissal of the action.

11 DATED: April 30, 2012

        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH:rb
khal2195.B