IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALAFALA KHALAFALA,

    Plaintiff,                   No. 2:11-cv-2195 GGH P

    vs.

UNKNOWN EMPLOYEE OF THE

SACRAMENTO POLICE DEPT.,

    Defendant.               ORDER

/

        This is a civil action filed pursuant to 42 U.S.C. § 1983 by an immigration detainee. Plaintiff proceeds pro se and in forma pauperis, and has consented to the jurisdiction of this court. See Doc. No. 4. By order filed April 30, 2012, the court dismissed plaintiff's complaint with leave to amend. Plaintiff was informed of the deficiencies in his complaint, and given twenty-eight days to filed an amended complaint, making the amended complaint due by June 1, 2012.

        On July 3, 2012, more than 30 days after plaintiff's deadline under the April 30, 2012 order had expired, plaintiff filed his amended complaint. Plaintiff offers no explanation for the late filing. While the amended complaint is signed and dated May 31, 2012, there is no proof of service, in violation of Federal Rule of Civil Procedure 5 and Local Rule 135(c). Plaintiff is

1

accordingly not entitled to a constructive filing date of May 31, 2012, and the amended complaint is considered filed on July 3, 2012.  See Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988).

In light of plaintiff's status as an incarcerated pro se plaintiff, the court will nonetheless screen the tardy amended complaint.  However, plaintiff is advised that the court will not again overlook plaintiff's failure to comply timely with its orders, or to file a proof of service as required by Federal Rule of Civil Procedure 5 and Local Rule 135(c).[1]

In his amended complaint, plaintiff alleges that, on June 28, 2004, unknown officers of the Sacramento Police Department confiscated his personal property.  See Doc. No. 8 at 8.  Plaintiff further alleges that, on an unspecified date between January 2006 and August 2009, defendant Sharon Ramos, the Supervisory Custodian of Record at the Sacramento Police Department, "ordered and supervised the destruction" of plaintiff's personal property.  See id. at 2, 8.  Plaintiff alleges that the actions of defendant Ramos were "pursuant to an affirmatively established policy, procedure and practise of Sacramento Police department, that resulted in the deprivation of plaintiff's above mentioned properties without due process in violation of plaintiff's due process clause of the fourteenth amendment...." Id. at 10.

Plaintiff additionally alleges that, on an unspecified date between January 2006 and August 2009, defendant H. Ojrilik, an officer with the Sacramento Police Department, destroyed plaintiff's personal property.  See Doc. No. 8 at 10.  Plaintiff alleges that defendant Ojrilik's actions were "pursuant to an affirmatively established policy, procedure and practise of Sacramento Police department, that resulted in the deprivation of plaintiff's above mentioned properties without due process in violation of plaintiff's due process clause of the fourteenth amendment...." Id. at 10-11.

\\\\\

---

[1] Plaintiff previously filed his response to the court's October 14, 2011 order to show cause more than two weeks after the deadline, also without a proof of service.

Sufficiency of the Factual Allegations

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

In this case, plaintiff alleges that defendants Ramos and Ojrilik destroyed his personal property, in accordance with a policy, procedure, and practice, in violation of the due

3

process clause of the Fourteenth Amendment.  However, plaintiff fails to identify the policy, procedure or practice at issue, and fails to explain how defendants deprived him of due process.  Absent this basic factual information, the court is unable to determine, for example, the process to which plaintiff is entitled, what kind of process plaintiff received, and how the named defendants were responsible for any deprivation.  The claims against defendants Ramos and Ojrilik are accordingly vague and conclusory, and they will be dismissed, but plaintiff will be given leave to amend his complaint.

<u>Statute of Limitations</u>

Plaintiff alleges that unknown officers confiscated his property on June 28, 2004. <u>See</u> Doc. No. 8 at 8.  Plaintiff further alleges that, "[o]n an unspecified date between June 2006 and August 2009,...." defendants Ramos and Ojrilik destroyed plaintiff's property. <u>Id.</u> at 8, 10.

"Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions." <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1154 (9th Cir. 2000), citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 275, 105 S.Ct. 1938, 1947 (1985); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir.1999), <u>cert. denied</u>, 529 U.S. 1117, 120 S.Ct. 1979 (2000). In California, there is a two-year statute of limitations in § 1983 cases. <u>See</u> Cal. Civ. Proc. Code § 335.1; <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").

Plaintiff may be entitled to tolling of the statute of limitations if, at the time the cause of action accrued, he was imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term not less than life. <u>See</u> Cal. Code Civ. Proc. § 352.1.

The complaint was filed on August 18, 2011.[2]  The current record reflects that

---

[2] Generally, for incarcerated persons, the filing date is the date on which the pro se prisoner delivers the pleading to prison authorities. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). In this case, though, while plaintiff's documents

4

plaintiff was convicted of assault with intent to commit rape on December 21, 2004 and sentenced to consecutive terms of four years and sixteen months. See Doc. No. 7 at 2. The record further reflects that plaintiff was taken into immigration custody on October 21, 2008. Id.

The current record suggests that some of plaintiff's claims may be barred by the statute of limitations; however, absent additional information about plaintiff's incarceration status, and the dates on which plaintiff's claims accrued, the court is unable to determine whether any or all of plaintiff's claims are time barred.

Res Judicata

It is also unclear from the complaint if the claims raised originate from the same incidents previously litigated by plaintiff in two prior cases, as noted in the court's October 14, 2011 order to show cause. In Khalafala v. Scully, CIV S-07-589 GEB DAD P (E.D. Cal.), plaintiff alleged that an unknown Sacramento County police officer, acting according to instructions from co-defendant District Attorney Jan Scully, illegally seized his property from May 7, 2004 until June 28, 2004. The action was dismissed after plaintiff failed to amend his complaint.

Additionally, in Khalafala v. Scully, CV 08-6773 SJO JTL (C.D. Cal.), plaintiff alleged that, between May 7, 2004 and June 28, 2004, an unknown member of the Sacramento Police Department refused to release his personal property, pursuant to instructions from defendant Dawn Baldet, Sacramento County Deputy District Attorney. Magistrate Judge Lum recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a cognizable claim. This recommendation was adopted, and the action was dismissed without prejudice.

\\\\\

---

are dated August 9, 2009, he does not include a certificate of service to indicate when he actually gave the documents to prison officials for mailing. See Doc. No. 1. Accordingly, the court will not extend the mailbox rule to plaintiff's complaint, and the filing date will be measured as of the date the document was filed in this court.

Accordingly, in addition to the possible time bar, some or all of plaintiff's claims may be precluded by plaintiff's prior litigation. See, e.g., Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action).

Conclusion

The complaint will accordingly be dismissed with leave to amend within 28 days of the filing date of this order. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the complaint is dismissed with leave to file a second amended complaint within twenty-eight days from the date

\\\\\

Case 2:11-cv-02195-GGH   Document 9   Filed 08/23/12   Page 7 of 7

of service of this order.  Failure to file an amended complaint timely will result in dismissal of the action with prejudice.

DATED: August 23, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb/khal2195.B(2)